**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**BIRSOY BIRKAN,**
**#226 059 280,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv819**

**NEY HIDALGO,**
***Caroline Detention Facility,***

**And**

**ROBERT GUADIAN,**
***ICE Washington Field Office,***

**Respondents.**

**REPORT & RECOMMENDATION FOR DISMISSAL**

The court received and conditionally filed a second[1] petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 submitted by pro se petitioner Birsoy Birkan ("Petitioner" or "Birkan"), along with a Motion for Leave to proceed in forma pauperis and Motion for Appointment of Counsel, (ECF Nos. 1-3). The petition appears to challenge Birkan's continued detention by the U.S. Immigration & Customs Enforcement (ICE) and seeks release from custody.

The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

[1] Birkan's first petition under § 2241 seeking release from ICE custody was filed in this court May 12, 2026. Birkan v. Perry, et. al., No. 2:26-cv-454 (E.D. Va. May 12, 2026) (ECF No. 1). In that petition, the court entered a Memorandum Order on May 18, 2026, granting Birkan's petition and ordering that he be provided a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within three days of the date of the court's Order. Birkan v. Perry, et. al., No. 2:26-cv-454 (E.D. Va. May 18, 2026) (ECF No. 7). On May 27, 2026, Respondent notified the court that the Immigration Court held a bond hearing on May 21, 2026, at which time Birkan was denied bond after having been determined he was a risk of flight. Birkan v. Perry, et. al., No. 2:26-cv-454 (E.D. Va. May 18, 2026) (ECF No. 9). Thereafter Birkan filed the instant petition which seeks the same relief requested (and granted) in his prior habeas action.

By Order entered August 6, 2026, the court granted Petitioner's request to proceed in forma pauperis, denied his request for appointment of counsel, and directed him to show cause why this matter should not be dismissed as moot given that, pursuant to the Notice submitted by Respondents after the court's Order in the prior petition, Petitioner has already received a discretionary bond hearing. (ECF No. 6). The Order advised Petitioner that failure to respond could result in the matter being submitted to the presiding district judge with a recommendation that it be dismissed as moot. The court has received no response to the Order to Show Cause. The Order to Show Cause was not returned to the court as undeliverable, nor has Petitioner advised the court of any change of address, relocation, deportation, or release from custody. In fact, the court has received no communication from Petitioner since his original filings.

When a petitioner has already received a discretionary bond hearing, renewed petitions requesting the same relief—another bond hearing—are typically rendered moot. See Hossain v. Lyons, No. 1:25-cv-1841 (E.D. Va. Nov. 20, 2025) (ECF No. 21) (finding that an Immigration Judge's prior denial of bond rendered the petitioner's § 2241 petition moot because the petitioner "has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge"); Pabon v. Crawford, No. 3:26-cv-230, 2026 WL 1494463, at *3 (E.D. Va. May 28, 2026) ("[B]ecause Petitioner has already received a bond hearing, the Court need not determine whether he is being held pursuant to 8 U.S.C. § 1225(b) or § 1226(a)."); Sidelemine v. Crawford, No 3:26-cv-281, 2026 WL 1195850, at *2 (E.D. Va. May 1, 2026) (finding a § 2241 petition moot because the petitioner already received a discretionary bond hearing, at which the Immigration Judge denied bond).

Accordingly, because Birkan had a bond hearing before the Immigration Court on May 21, 2026, and found to be a flight risk, the undersigned recommends that his petition be DISMISSED AS MOOT.

By copy of this report and recommendation, the Petitioner is notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

Petitioner is further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the Petitioner at address on file with the court.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

August 31, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to the Petitioner at the addresses listed below:

**Birsoy Birkan**
**226 059 280**
**Caroline Detention Facility**
**P.O. Box 1460**
**Bowling Green, VA 22427**

Laura G. Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

August 31, 2026